THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM F. WATSON, Defendant.

County Court, Albany County, March 16, 1954.

*John B. Justice* for defendant.

*Russell G. Hunt, District Attorney (Philip G. Coffey, Jr.,* and *Joseph H. Welch* of counsel), for plaintiff.

SCHENCK, J.  The defendant herein brought a motion in the nature of a writ of error *coram nobis* to vacate a sentence imposed upon him in this court in 1919, upon the ground that he was not represented by counsel when he was arraigned and when he pleaded guilty to an indictment charging him with the crime of grand larceny in the first degree.  On the authority of *People* v. *Richetti* (302 N. Y. 290), available documentary proof appearing insufficient, the defendant was granted a trial in open court and was represented by counsel assigned by this court.  There has, therefore, been compliance with the emphatic requirement of the Court of Appeals that the issue in question be submitted to trial at which the defendant was present and represented by counsel.  The question now before this court deals with the extent of proof which the People must adduce in the course of this trial to establish that the defendant was not deprived of his rights with respect to counsel at the time of his arraignment, plea and sentence in 1919.

The most learned and exhaustive judicial treatise upon this phase of a so-called *coram nobis* proceeding is found in the case of *People* v. *Richetti* (109 N. Y. S. 2d 29), in which Judge FARRELL of Queens County Court studied, analyzed and made a determination in the *Richetti* case after the Court of Appeals had directed that he receive a full and open trial upon the question of whether or not he was represented by counsel upon the occasion of a prior plea and sentence.  Judge FARRELL determined that the People did not sustain their burden of proof, and he accordingly found that Richetti's original conviction was void *ab initio* for want of jurisdiction and it was, therefore, vacated and set aside.  Although the background of the *Richetti* case is analogous to that at hand, there are certain elements of proof that are present here that are distinguished from those passed upon by Judge FARRELL in the *Richetti* case.  The problem before this court, therefore, is whether or not these addi-

tional elements of proof are sufficient to sustain the contention of the People and to remove the case from the authority of the Queens County Court decision with respect to Richetti. No attempt is made herein to question the rule in the *Richetti* case in any respect as far as the law is concerned. That authority is well-grounded and, as far as this court can ascertain, is the established law of this jurisdiction. The distinction, if any, between the two cases must be found in the facts.

In the first place, this court accepts the *Richetti* case principle that by the defendant's denial that he was represented by counsel, in the absence of any sufficient compelling documentary proof to the contrary, the presumption of regularity in his arraignment, pleading, and sentence is destroyed and the burden in this respect is affirmatively placed upon the People. To sustain this burden, the People did not offer testimony by any witnesses. The Judge who sentenced this defendant in 1919, the District Attorney who prosecuted the case, and the court stenographer who took the transcript of the proceedings are all deceased. The stenographic transcript can not be found. The People's case, therefore, was based entirely upon cross-examination of the defendant, together with the introduction in evidence of certain exhibits which concededly of and by themselves would not be sufficient to establish the People's contention that the defendant was properly represented in 1919.

The first point that throws light upon the 1919 proceeding, is the fact that upon the so-called case sheet having reference to this defendant and his codefendant, one Walsh, there appears the following notation, " Counsel Retained: Watson Abbott Jones ". The words " counsel retained " are part of the printed form. The words " Watson Abbott Jones " were inserted in pencil, quite apparently in the same handwriting as other penciled insertions on the form. Upon his cross-examination, the defendant admitted that he knew the name " Abbott Jones " and that he knew Abbott Jones was an attorney, but he denied that he or any other attorney had represented him. The People then brought out on the defendant's cross-examination the fact that he had been admitted to bail in the course of the 1919 proceedings, and that his father had arranged the bail. Next, the People introduced two statistical sheets, entered in the records of the court at the time of defendant's sentence in 1919, and used these sheets to contradict other details of the defendant's testimony. For example, the defendant testified that his codefendant, Walsh, had entered his plea of guilty on

a day other than that upon which the defendant pleaded. The statistics indicate that they pleaded on the same date. The People then introduced the defendant's criminal record which showed that he had committed a misdemeanor and apparently a felony on separate occasions, prior to the 1919 proceedings. In addition, it was shown that he was subsequently convicted of another felony a number of years later in Rensselaer County Court. The People, therefore, have attacked the credibility of the defendant as a witness on the basis of crimes other than that which is the subject of the present *coram nobis* proceeding.

Finally, in their summation of the evidence, the People point out that the defendant was admittedly represented by counsel when he was convicted in Rensselaer County in 1937. The point is therefore raised as to why defendant's counsel did not question at that time the prior conviction of his client in 1919, upon the basis of which the defendant was sentenced as a second offender. The defendant apparently did not advise his attorney then that he had been denied rights to which he had been entitled in the 1919 proceedings.

As against the foregoing accumulation of evidence, impeachment of credibility, and inferences, insufficient although each separately may be, the defendant has offered nothing more than his bald denial of the fact that he was represented by an attorney in 1919. This is a situation which is clearly distinguished from the evidence before the Queens County Court in the *Richetti* case. In that case the court stenographer was still available although his stenographic record had been lost. The stenographer there affirmatively testified that it was not the practice at the time of defendant's plea of guilty to advise him of his right to counsel. The stenographer testified that customarily where a defendant pleaded guilty he was merely asked if he understood what he was doing, and that the plea was then entered. This testimony, of course, was in complete accord with Richetti's contention that he was not represented. No such testimony confronts this court, so that there is a clear basis for distinguishing the two cases upon the facts in the record.

Upon analysis of these facts and upon my observation of the defendant upon the witness stand and taking into consideration his prior and subsequent record, this court is of the opinion that sufficient has been shown to establish the People's burden of proof to the effect that this defendant was represented by counsel in 1919. Certainly some significance must be attached

to the appearance of the name of attorney Abbott Jones on the case sheet. This is buttressed by the fact that the defendant admittedly knew who Abbott Jones was. The fact that a lawyer almost of necessity was in the case would appear from the fact that the defendant was admitted to bail. Adding to these facts the proposition of defendant's questionable credibility based upon his record and the discrepancies between his recollection and recorded facts with respect to reasonably substantial details, leads me to the conclusion that this defendant was represented at the time of his plea and sentence, despite the absence of direct documentary evidence upon the point. The defendant having had his day in court, therefore, as required by the decision of the Court of Appeals in the *Richetti* case, and the issues having been resolved in favor of the People, the defendant's motion is denied and an order to that effect may be entered.